Parker C. J.
delivered the opinion of the Court. The substance of the several causes of demurrer to the replication is, that the petitioners have attempted to put in issue the proportions by which the respondents hold, without directly deny ing their seisin ; and that they have not in the replication denied any such interest of the respondents in the lands as entitles them to come in and defend against the petition.
We think the replication bad for both causes ; as it is quite immaterial whether the respondents hold in moieties or in any other proportion, for the purpose of being let in to defend against the petition ; for any one who is interested may make himself a party and put the petitioners to proof of their title, by denying their seisin. The case of Cook v. Allen, cited by both sides, settles this point. The respondents could not be shut out, if they owned or were interested in any part of the land prayed to be divided ; nor is it necessary that they should *69 be owners in fee simple, as any less estate gives them an interest which entitles them to defend.
The petitioners, therefore, in order to have tried whether the respondents have a right to deny their title and object to partition, should have averred, that the respondents had no interest in the land ; which, however, as to Payton Gay, they could not do, as they in their petition have alleged that he is tenant in common with them.
The judgment is, that the replication is bad. If the petitioners move to replead, leave will be granted on payment of costs from the time of filing the replication.[1]

 See Revised Stat. c. 103, § 15; Hunt v. Hazelton, 5 N. Hamp. R. 216.